# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| COSTA ORO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-3714 |
| | ) | |
| EVERGREEN INTERNATIONAL, INC., | ) | Judge Robert M. Dow, Jr. |
| WAYLAND JOE, AND RICHARD | ) | |
| DOMAGALA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is Wayland Joe and Richard Domagala's motion to dismiss Counts I, II, and IV of Plaintiff's complaint [14]. Plaintiff's complaint [1] alleges that Joe and Domagala ("the Individual Defendants") violated two provisions of the Perishable Agricultural Commodities Act of 1930 (7 U.S.C. § 499a *et seq.*) ("PACA" or the "Act") and otherwise breached their fiduciary duties under the Act. For the reasons stated below, the Individual Defendants' motion to dismiss is denied.

**I.  Background**

    **A.  PACA**

The Perishable Agricultural Commodities Act of 1930 imposes various duties on commercial buyers and sellers of produce. In addition to PACA's comprehensive regulatory scheme, the Act allows buyers and sellers to seek redress in the courts for certain statutory violations. See 7 U.S.C. §§ 499e(b)(2), (c)(5) (conferring jurisdiction for the alleged PACA violations in Plaintiff's complaint).

Two provisions are important for the instant motion and for this case. The first is 7 U.S.C. § 499b(4). That provision pertains to prompt payment; it makes it unlawful for "any * * * dealer[] or broker * * * to fail or refuse truly and correctly to account and make full payment promptly" for a shipment of produce. The terms "dealer" and "broker" – the people who have a duty to make prompt payment[1] – are defined broadly. A "dealer," is basically one who buys or sells produce. Under the Act, and subject to a handful of statutory exceptions, the term means "any person engaged in the business of buying or selling [in quantities defined by the Secretary of Agriculture] any perishable agricultural commodity in interstate * * * commerce." *Id.* at § 499a(b)(6). And a "broker" is basically an agent who buys produce. The term, likewise subject to limited exceptions, includes "any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate * * * commerce for or on behalf of the vendor or purchaser." *Id.* at § 499a(b)(7). The dealer or broker who fails to tender prompt payment "shall be liable to the person or persons injured thereby for the full amount of damages * * * sustained in consequence of such violation." *Id.* at 499e(a).

The second important provision is a statutory trust provision. Under PACA, when a seller (*e.g.*, a wholesaler) sells produce to a buyer (*e.g.*, a grocery store and certain agents), the law imposes a trust: the buyer holds the produce and any proceeds and receivables from the produce in trust for the benefit of the seller. 7 U.S.C. § 499e(c)(2). A dealer or broker who receives "perishable agricultural commodities" is a trustee of the trust. *Id*. The trust lasts "until full payment * * * has been received" by an unpaid seller (i*d.*) but in order to preserve the

---

[1] The Act also imposes duties on "commission merchants." A commission merchant is "any person engaged in the business of receiving in interstate * * * commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(b)(5).

benefits of the trust, the seller must provide written notice (*id.* at § 499e(c)(3)).[2] Most important, at least for present purposes, is that a trust beneficiary can initiate an action in federal court "to enforce payment from the trust." *Id.* at 499e(c)(5)(i).

Plaintiff's complaint alleges violations by all of the Defendants of both the prompt payment provision of Section 499b(4) and the statutory trust provision of Section 499e(c), and also alleges that the Individual Defendants breached their fiduciary duties as PACA trustees.

### B. The Complaint

Plaintiff filed its four-count complaint on June 30, 2008. For purposes of this motion, the Court accepts as true all of Plaintiff's well pleaded allegations. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff sells wholesale produce under a valid Department of Agriculture PACA license. Compl. ¶¶ 1-2. Plaintiff states that it sold $10,641.50 in Produce to the Defendants. Compl., Ex. A. And although the corporate Defendant, Evergreen International, Inc. ("Evergreen"), accepted the produce and received invoices for the Produce (Compl. ¶ 9-10), Evergreen and the Individual Defendants have failed to pay Plaintiff in accordance with their agreement (*id.* at ¶¶ 13, 22).

Moreover, both of the Individual Defendants were officers or directors of Evergreen who were in a position to control the company and were "in charge of [Evergreen's] business undertakings." *Id.* at ¶¶ 31-32. Because the Individual Defendants exerted extensive control over Evergreen (*id.* at ¶¶ 34-40), and because their jobs included buying and selling produce in PACA-triggering quantities (*id.* at ¶¶ 32-33), Plaintiff states that they had statutory duties under PACA to maintain the statutory trust and to pay over to Plaintiff the monies held in trust (*id.* at ¶¶ 42-43). Plaintiff alleges that the Individual Defendants breached both duties. *Id.* at ¶¶ 42-48.

---

[2] That notice can take the form of "ordinary and usual billing or invoice statements" so long as the invoices recite statutorily required language. 7 U.S.C. § 499e(c)(4).

The complaint comprises four counts: Count I – Enforcement of the PACA Trust; Count II – Failure to Pay Promptly; Count III – Breach of Contract;³ and Count IV – Breach of Fiduciary Duty to PACA Trust Beneficiaries.

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III.    Analysis

### A.     Counts I and II

The gravamen of the Individual Defendants' motion to dismiss with respect to the first two counts of Plaintiff's complaint (enforcement of the PACA trust and failure to pay promptly)

---
³ Evergreen is the sole Defendant named in Count III.

is that Plaintiff erred in alleging that Joe's and Domagala's duties are *statutory* in nature. "[I]t is well settled," the Individual Defendants argue, "that individual liability in the PACA context is not derived from the statutory language, but from common law breach of trust principals." Mot. Dismiss at 3. "Because no *statutory* duties were imposed upon the Individual Defendants, Plaintiff cannot allege any facts to support its claim that [Joe and Domagala] breached [PACA]." *Id.* (emphasis added).

The Court concludes that the Individual Defendants' argument misses the mark; the cases that they cite relate solely to *breach of fiduciary duty* claims under the statutory trust provision contained in Section 499e (the allegation in Count IV). As discussed below, several circuits of the United States Court of Appeals have indicated that, in certain circumstances, an individual may be held liable for breach of a fiduciary duty under PACA. And, at least in that context, there is a good reason for analyzing individual liability by reference to the common law: PACA does not explicitly set out a cause of action for breach of a fiduciary duty. The statute creates a trust, trustees, and beneficiaries (7 U.S.C. § 499e(c)(2)) – but the Act does not describe what liability may attach for breach of fiduciary duties. In contrast, actions to enforce payment from a PACA trust (Section 499e(c)(5)(i)) and for failure to pay promptly (Sections 499b(4) and 499e(a)) are purely statutory creatures, and Plaintiff need not look outside the four-corners of the statute in its prayer for relief. Where Congress has explicitly created a cause of action, the task of courts is limited. See *United States v. Morrison*, 529 U.S. 598, 607 (2000) (invalidating a congressionally-created cause of action but "only upon a plain showing that Congress * * * exceeded its constitutional bounds").

With respect to Count I (Enforcement of the PACA Trust), Section 499e(c)(2) of Title 7 of the United States Code creates a duty on the part of dealers and brokers to maintain a trust

5

(comprising produce, proceeds, and receivables) for the benefit of produce sellers, and the provision stipulates that the trust lasts until "full payment * * * has been received" by the seller (*id.*). Section 499e(c)(5)(i), in turn, vests jurisdiction in United States District Courts "to entertain actions by trust beneficiaries to enforce payment from the trust." Plaintiff's complaint alleges (i) that the Individual Defendants were "engaged in the business of purchasing and selling produce in [PACA-triggering] quantities" (*i.e.*, that Joe and Domagala were dealers or brokers under PACA), (ii) that Plaintiff sold produce to the Defendants, (iii) that Evergreen received the produce, (iv) that the Defendants failed sufficiently to maintain the PACA trust, and (v) that full payment has not been made, in violation of the parties' agreement. All of this is more than sufficient to plead an action to enforce payment under Section 499e(c)(5)(i).[4] *Cf. Dominguez v. Hendley*, 545 F.3d 585 (7th Cir. 2008) ("The purpose of a complaint is to put the defendant on notice of the claim that is being asserted against him, her, or it.").

With respect to Count II (Failure to Pay Promptly), Section 499b(4) of Title VII of the United States Code makes it unlawful for any "dealer[] or broker" * * * to fail or refuse * * * [to] make full payment promptly" in connection with a produce transaction under PACA. And Section 499e(a) states that brokers or dealers who violate Section 499b "shall be liable to the person or persons injured thereby for the full amount of damages * * * sustained in consequence of such violation." Plaintiff alleges facts that, if true, are sufficient to prove (i) that the Individual Defendants meet the definition of a dealer or broker, (ii) that the company received produce from Plaintiff, and (iii) that the Defendants failed to pay Plaintiff, despite repeated requests, in violation of the parties' agreement. Again, these allegations satisfy the liberal pleading standards of the Federal Rules of Civil Procedure.

---

[4] In any event, the Individual Defendants incorrectly characterize their potential liability under Count I as individual liability. See, *e.g.*, Mot. Dismiss at 3. An action under 7 U.S.C. § 499e(c)(5)(i) merely enforces payment out of the funds that are maintained in trust under Section 499e(c)(3).

The Individual Defendants also argue that a "review of the definitions of dealers and brokers under PACA indicates that *only* Evergreen International qualifies as a dealer or broker by virtue of the license it obtained from the United States Department of Agriculture." Def.'s Mem. Law. Supp. Mot. Dismiss at 6 (emphasis in original). Were this statement correct, the Individual Defendants' might have presented a basis for dismissal, or at least for conversion of its motion to dismiss into one for summary judgment. The definition of broker, however, makes no mention of a license at all. 7 U.S.C. § 499a(7). And the only part of the definition of dealer that mentions a license allows an individual to secure a license *and therefore qualify as a dealer* even if the individual otherwise would be excluded from the definition of dealer. *Id.* at 499a(6). Put another way, the part of the dealer definition that mentions licenses expands rather than contracts the universe of individuals who qualify as dealers.[5] In sum, the Individual Defendants' argument with respect to the Act's definitions provides no basis for the Court to grant their motion to dismiss.

Finally, Defendants make fact-based arguments whose resolution is not permissible on a motion to dismiss. These arguments are that the Individual Defendants do not qualify as brokers or dealers under the Act and that Plaintiff provided insufficient notice to preserve its PACA trust claim.[6] If true, the Defendants may be entitled to summary judgment, but they are not entitled to

---

[5] It is true that 7 U.S.C. § 499c(a) prohibits a person from "carry[ing] on the business of a commission merchant, dealer, or broker without" a valid license and grants the United States (but not private persons or entities) a cause of action for statutory penalties against violators. Nonetheless, the definitions of commission merchant, broker, and dealer in Section 499a do not turn on whether one holds a license. In other words, it does not appear (i) that holding a license is a prerequisite to falling within the statutory definition of "broker" or "dealer," or (ii) that the absence of an allegation that the Individual Defendants hold licenses (compare Compl. ¶ 3a, with Compl. ¶¶ 3b, 3c) is fatal to Plaintiff's statutory claims against the Individual Defendants. See *Matter of Magic Restaurants, Inc.*, 197 B.R. 455-56 (Bkrtcy. D. Del. 1996) (analyzing whether a restaurant was a dealer subject to PACA by looking at only the definitions in Section 499a and related regulations); 7 C.F.R. § 46.2 (definitions).

[6] Although Plaintiff did attach to its complaint an invoice whose validity the Individual Defendants' question, Plaintiff has hardly pleaded itself out of Court. Plaintiff's complaint alleges "repeated

7

a dismissal for a failure to state a cause of action. A motion to dismiss tests the *legal* sufficiency of a complaint, not the case's merits. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

**B.  Count IV**

In Count IV, Plaintiff alleges that the Individual Defendants breached their fiduciary duties as PACA trustees. Several circuits have held that the PACA statutory trust provision allows a plaintiff to recover against both a corporation and its controlling officers for breach of fiduciary duty. See, *e.g.*, *Weis-Buy Svcs., Inc. v. Paglia*, 411 F.3d 415, 421-22 (3d Cir. 2005); *Golman-Hayden Co., Inc. v. Fresh Source Produce*, 217 F.3d 348, 351 (5th Cir. 2000). The Seventh Circuit has likewise indicated, albeit in dicta, that such an action may be maintained. *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002) (citing *Golman-Hayden*, 217 F.3d at 351).

In a reprise of their argument with respect to Counts I and II, the Individual Defendants' argue that Plaintiff has failed properly to allege breach of a fiduciary duty under common law standards. By making the argument with respect to Count IV, the argument has found the right home, if not a welcome one. See, *e.g.*, *Weis-Buy*, 411 F.3d at 421 (stating that individual liability for breach of a fiduciary duty "in the PACA context is * * * derived * * * from common law breach of trust principles"). The specific defect that the Individual Defendants point to is Plaintiff's failure "to specifically allege that Evergreen International has failed to maintain sufficient PACA trust assets to satisfy Costa Oro's almost two year old PACA trust claim of $10,641.50." Mot. Dismiss at 4. The omission is important, Defendants argue, because if Plaintiff cannot show a breach of any fiduciary duty then Plaintiff cannot show that the

---

demands" for payment. Compl. ¶ 13. None of the parties has described these demands in any detail and need not do so at this early stage.

individual defendants are liable for a breach of a fiduciary duty. That seems an unlikely legal conclusion given that Plaintiff alleges a breach of fiduciary duty on the basis of both the Individual Defendants' failure to maintain sufficient funds *and* their failure to pay over the monies held in trust. The Individual Defendants do not argue that the latter basis cannot support a breach of fiduciary duty claim. See also RESTATEMENT (THIRD) OF TRUSTS § 76(1) ("The trustee has a duty to administer the trust, diligently and in good faith, in accordance with the terms of the trust and applicable law.").

The Defendants' argument fails for a more basic reason, too: Plaintiff did in fact allege precisely what the Individual Defendants say Plaintiff omitted. In Paragraph 17 of the complaint, Plaintiff alleges that the "Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claim asserted in this action." That paragraph was incorporated by reference into Count IV. See Compl. ¶ 29 (re-alleging ¶¶ 1-28).

As with Counts I and II, the Individual Defendants make a factual argument whose resolution is not permissible on a motion to dismiss. They point to 7 C.F.R. § 46.22(aa) and state that because there was a bona fide dispute over the amount Evergreen owed on Plaintiff's invoice, Plaintiff cannot prove that there was a breach of a fiduciary duty. Section 46.22(aa) defines prompt payment. To the extent that the regulation provides that a bona fide dispute over prompt payment vitiates a buyer's fiduciary duty to pay over the monies held in trust, it apparently does so only to the extent payment is disputed.[7] Yet the Individual Defendants seem to dispute only their duty to pay for twenty-three percent of the produce. Mot. Dismiss 2 (stating that the USDA inspection report "revealed that the Produce arrived with 23% defects"); *id.* at Ex.

---

[7] The end of paragraph (aa) provides: "If there is a dispute concerning a transaction, the * * * time periods for prompt payment apply only to payment of the undisputed amount." 7 C.F.R. § 46.2(aa).

A (USDA inspection report). Even on its own terms, then, the argument is not much of a game-changer – and in any event, the resolution of this factual issue is inappropriate on a motion to dismiss.

**IV.     Conclusion**

       For the foregoing reasons, the Individual Defendants' motion to dismiss [14] is denied.

Dated: March 23, 2009                                                                                      _____
                                                                                          Robert M. Dow, Jr.
                                                                                          United States District Judge